UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.Z.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARTIN O'MALLEY,<br><br>　　　　　Defendant. | Case No. 22-cv-04102-PCP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16, 23 |

Plaintiff A.Z. filed this lawsuit against the Commissioner of the Social Security Administration alleging that A.Z. was improperly denied social security disability benefits after an administrative hearing with an Administrative Law Judge (ALJ). Both parties have filed cross-motions for summary judgment.

## BACKGROUND

A.Z. is approximately 52 years old and resides in Fremont, CA. Dkt. No. 16, at 4. She has not worked in the last 20 years. *Id.* In 2016, A.Z. was assaulted by her partner and suffered severe facial fractures as a result. *Id.* at 5. She alleges that she suffers from vision and memory issues stemming from this incident. Nonetheless, recent medical records do not show vision deficits, and A.Z. has an unrestricted license with which she drives frequently. Dkt. No. 23, at 9. A.Z. has a history of methamphetamine and heroin use, and previously was diagnosed with depression. *Id.* She is not currently participating in ongoing psychotherapy, however, and has never had any mental health hospitalizations. *Id.* While mental health examiners have determined that she has a depressed mood and congruent effect, her documented mental health status findings since 2015 have been largely normal. *Id.*

A.Z. applied for social security disability benefits in August 2019, claiming that she was

unable to obtain employment due to physical and mental impairments that had purportedly lasted continuously for more than one year. 42 U.S.C. § 1382c(a)(3)(A).[1] Her application was denied in January 2020. An administrative hearing was subsequently held before an ALJ in October 2020, and the ALJ issued an unfavorable decision in December 2020. The ALJ admitted into evidence all medical records introduced by A.Z., Dkt. No. 13-3, at 20, but determined that A.Z. did not have a "severe" medically determinable impairment as was required to obtain benefits under Social Security Administration regulations. 20 C.F.R. § 416.920(c). Specifically, the ALJ found that A.Z.'s statements concerning the "intensity, persistence and limiting effects" of her symptoms were "not entirely consistent" with the medical evidence provided in various expert reports. Dkt. No. 13-3, at 23.

A.Z. appealed the ALJ's decision to the Appeals Council in February 2021. Before submitting her appeal to the Council, A.Z. submitted to the agency a new report by Dr. Taylor Melville, which stated that A.Z. presented with substantial memory complaints. Dkt. No. 16, at 7. Further, Dr. Melville diagnosed A.Z. with unspecified neurocognitive disorder. *Id.* at 8. Though this report was not available to the ALJ during the October 2020 hearing, the report was available to the Appeal Council at the time of its decision. The Appeals Council determined, however, that the report by Dr. Melville did "not show a reasonable probability" of changing the outcome. Dkt. No. 13-3, at 8. For that reason, the Council denied review in June 2021.

A.Z. filed this lawsuit in July 2022. She seeks an order reversing the ALJ's decision and remanding the case for further proceedings.

In moving for summary judgment, A.Z. argues that the ALJ: (1) failed to adequately develop the record regarding her mental health impairments; (2) erred in determining that she did not have any severe medically determinable impairments; and (3) erred in determining that her statements concerning her symptoms were not consistent with the medical evidence. On that basis,

---

[1] The Social Security Act provides, in relevant part: "[A]n individual shall be considered to be disabled for purposes of [the Social Security Act] if [s]he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

1  she requests that this Court remand the case to the ALJ for reconsideration of the evidence of her
2  impairments.[2]

### STANDARD OF REVIEW

Under the Federal Rules, a Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In a social security appeal, there will seldom be any genuine factual disputes because the reviewing Court considers only the ALJ's decision and the factual record submitted in the agency proceedings. The ALJ's decision may be reversed if it is "based on legal error or not supported by substantial evidence." *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002). While the substantial evidence standard requires "more than a mere scintilla," it only requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

### ANALYSIS

**I.  The ALJ Adequately Developed the Record.**

An ALJ is "responsible for studying the record and resolving any conflicts or ambiguities in it." *Diedrich v. Berryhill*, 874 F.3d 634, 638 (9th Cir. 2017). This includes the "duty to develop the record … even when the claimant is represented by counsel." *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991). A.Z. argues that the ALJ violated this duty by allegedly ignoring evidence of her severe mental health impairments in his written decision and by failing to ask any further questions about her mental health limitations during the October 2020 hearing.

**A. The ALJ Did Not Ignore Evidence of Plaintiff's Mental Health Impairments.**

A.Z. first argues that the ALJ ignored record evidence of her severe mental health impairments, premising this argument on the ALJ's failure to address the evidence and testimony regarding those impairments in his written decision. But an ALJ is not required to cite "every piece of evidence" that was entered into the record during a hearing. *Howard ex rel. Wolff v.*

---

[2] While this Court could credit evidence from A.Z.'s medical records and the newly submitted Dr. Melville report as true and remand for an award of benefits, A.Z. concedes that the most suitable relief here would instead be a remand to the ALJ for reconsideration of the evidence. Dkt. No. 16, at 14 ("This case does not meet the credit-as-true rule.").

United States District Court
Northern District of California

1   *Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Here, A.Z. never testified about her mental health
2   impairments during the hearing, despite having ample opportunity to be heard. Dkt. No. 23, at 8.
3   Rather, A.Z. only discussed the purported vision and memory issues arising from her 2016
4   domestic assault. Further, the ALJ agreed to "leave the record open for two weeks" after the
5   hearing when A.Z.'s counsel requested "some extra time to submit" additional evidence. *Id.* A.Z.
6   nonetheless failed to submit further evidence regarding her mental health status.

7   Though the ALJ did not cite all of the evidence pertaining to A.Z.'s alleged mental health
8   impairments in his written decision, it is clear that the ALJ considered medical records and reports
9   regarding A.Z.'s mental health status in coming to his final decision. Specifically, the ALJ relied
10  on opinions by two state agency medical experts, which noted that despite A.Z. having a
11  depressed mood with congruent effect, her mental status had been largely "normal" since 2015.
12  Dkt. No. 13-3, at 24. In the absence of compelling contrary evidence of severe mental health
13  impairments, the ALJ was required to do no more.

14  **B. The ALJ Did Not Have a Duty To Further Develop the Record.**

15  A.Z. further argues that the ALJ failed to develop the record by not asking additional
16  questions about her mental health limitations during the hearing. In support of her argument, A.Z.
17  cites *Smolen v. Chater*, in which the Ninth Circuit held that "[i]f the ALJ thought he needed to
18  know the basis of [a doctor's] opinions in order to evaluate them, he had a duty to conduct an
19  appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to
20  them." 80 F.3d 1273, 1288 (9th Cir. 1996). But there is no evidence that the ALJ here "needed to
21  know the basis of" the medical expert opinions, and he therefore was not required to ask any
22  additional questions about A.Z.'s mental health during the administrative hearing.

23  A.Z. also contends that the ALJ had an affirmative duty to order a psychiatric examination.
24  But the pertinent regulations provide that the Social Security Administration "*may* decide to
25  purchase a consultative examination" if it cannot get the information it needs from claimant's
26  medical sources. C.F.R. § 416.919(a) (emphasis added). "[T]he regulations provide that the
27  agency *may* obtain a consultative examination to resolve evidentiary ambiguity or insufficiency,
28  not that an ALJ must do so in every case." *Parker v. Kijakazi*, 2021 WL 5166004, at *5 (E.D. Cal.

Nov. 5, 2021). Since the ALJ did not find any insufficiency or ambiguity in the record, he was not required to obtain a consultative psychiatric examination for A.Z. *See Harmon v. Saul*, 850 Fed. App'x. 485, 487 (9th Cir. 2021) (noting that the duty to develop the record is only triggered if there is ambiguous evidence or if the record is inadequate to allow for proper evaluation of the evidence).

## II. The ALJ Improperly Discounted Evidence of Plaintiff's Mental Health Impairments.

While the ALJ did consider A.Z.'s mental health evidence, he ultimately determined that her mental health impairments were not sufficiently severe to qualify for disability benefits. In particular, the ALJ found that A.Z.'s testimony regarding the severity of her mental health limitations was inconsistent with the medical evidence in the record. Dkt. No. 13-3, at 23. In effect, the ALJ deemed A.Z.'s testimony non-credible and discounted it on that basis.

An ALJ must provide "clear and convincing" reasons for rejecting a claimant's testimony as not credible. *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). But if an ALJ discounts a claimant's testimony on this basis, the ALJ must do more than offer "non-specific conclusions that [a claimant's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020).

The ALJ satisfied this obligation in finding that A.Z.'s subjective reports of her *physical* impairments were inconsistent with extensive objective evidence in the record. For example, while A.Z. claimed that she had knee surgery in September 2020 which made it very difficult to walk, a subsequent examination in October 2020 revealed that A.Z. had no clinical abnormalities, a normal range of motion, and an intact gait. Dkt. No. 23, at 16. These findings regarding her purported physical impairments were corroborated by various examinations by state agency medical experts.

As to A.Z.'s reports about the intensity of her *mental* health impairments, however, the ALJ did not provide an adequate justification to discount A.Z.'s testimony. In her function report,

A.Z. stated: "I have memory failure. I can't remember past the last 3.5 years" and "I can't remember things." Dkt. No. 16, at 9. She also noted: "I have a bad memory and depression and sleeping disorder and [PTSD] and I hear voices." *Id.* at 9–10. Though such evidence is arguably subjective, the ALJ was not permitted to discount it for that reason alone. *Bunnell v. Sullivan*, 947 F.2d 341, 346–47 (9th Cir. 1991) ("[T]he adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence."). Moreover, the record contained objective evidence from before 2015 of A.Z.'s depression, as well as recent agency reports noting that she had a depressed mood and congruent effect, all of which corroborated her testimony.

Given the subjective and objective evidence of A.Z.'s mental health impairments, the ALJ was required to provide "specific, cogent reasons for [his] disbelief" in A.Z.'s testimony. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Because the ALJ provided no such specific reasons in his decision, the decision was not supported by substantial evidence and must be reversed.

### III. Plaintiff's Later Submitted Evidence Further Supports Remanding the Case for Additional Administrative Proceedings and Development of the Record.

As noted above, after the ALJ issued his decision but before the Appeals Council rejected A.Z.'s request for review, A.Z. submitted a supplemental report from Dr. Melville. In that report, Dr. Melville diagnosed A.Z. with "unspecified neurocognitive disorder; r/o autism spectrum disorder; and r/o schizoaffective disorder – depressive type." Dkt. No. 16, at 8. The report thus provided additional objective evidence of A.Z.'s mental health impairments.

This Court lacks jurisdiction to review the Appeals Council's refusal to consider Dr. Melville's report.[3] That does not mean, however, that the Court cannot consider the newly

---

[3] Under Social Security Administration regulations, the Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5). Here, the Appeals Council determined that the newly submitted Dr. Melville report did not show a reasonable probability of changing the ALJ's decision and denied review on that basis. Dkt. No. 13-3, at 8. This Court lacks jurisdiction to review such decisions. *See Taylor v. Commissioner of Soc. Sec. Admin.*, 659 F.3d

1  submitted evidence in determining whether the case should be remanded to the ALJ for further
2  administrative proceedings. *See Ramirez v. Shalala*, 8 F.3d 1449, 1542 (9th Cir. 1993) ("[W]e
3  consider on appeal both the ALJ's decision and the additional material submitted to the Appeals
4  Council."). "[T]he new evidence is part of the administrative record, which the district court must
5  consider in determining whether the Commissioner's decision is supported by substantial
6  evidence." *See Brewes v. Astrue*, 682 F.3d 1157, 1159–60 (9th Cir. 2012).

As noted, Dr. Melville's report provided further evidence in support of A.Z.'s claimed mental health impairments. It thus makes the ALJ's discounting of A.Z.'s subjective mental health testimony even more troubling. On remand, the ALJ must consider Dr. Melville's report, as well as A.Z.'s own testimony about those impairments, in determining whether A.Z. is entitled to disability benefits.

## CONCLUSION

For the foregoing reasons, the ALJ's decision to deny A.Z.'s social security disability benefits was not supported by substantial evidence. While the ALJ adequately developed the record, he failed to properly consider A.Z.'s subjective reports regarding her mental health impairments. Accordingly, the Court grants A.Z.'s motion for summary judgment and remands the case for further administrative proceedings, including consideration of Dr. Melville's report.

**IT IS SO ORDERED.**

Dated: January 12, 2024

P. Casey Pitts
United States District Judge

---

1228, 1231 (9th Cir. 2011) ("When the Appeals Council denies a request for review, it is a non-final agency action not subject to judicial review because the ALJ's decision becomes the final decision of the Commissioner."); *see also Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) ("[T]he Appeals Council's reasoning for denying review is not considered on subsequent judicial review.").